IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PITTSBURGH CORNING CORPORATION | ) | Civil Action No. 11-1406 |
| | ) | |
| Debtor. | ) | |
| | ) | Bankruptcy No. 00-22876 (JKF) |
| GARLOCK SEALING TECHNOLOGIES, LLC, | ) | Re: D.I. 8488 |
| | ) | |
| Appellant, | ) | |
|     v. | ) | |
| | ) | |
| PITTSBURGH CORNING CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IN RE MID-VALLEY, INC., | ) | Civil Action No. 11-1439 |
| | ) | |
| Debtor. | ) | Case No. 03-35592 (JKF) |
| | ) | Re: D.I. 2817 |
| GARLOCK SEALING TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| MID-VALLEY, INC., | ) | |
| | ) | |
| Appellee. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NORTH AMERICAN REFRACTORIES COMPANY, | ) | Civil Action No. 11-1452 |
| | ) | |
| | ) | Bankruptcy No. 02-20198 (JKF) |
| Debtor. | ) | |
| | ) | Re: D.I. 7246 |
| GARLOCK SEALING TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| ARMSTRONG WORLD INDUSTRIES, et al., | ) | |
| | ) | |
| Appellees. | | |

1

## MEMORANDUM OPINION

I.    INTRODUCTION

Presently before the Court are three separate appeals initiated by Appellant Garlock Sealing Technologies, LLC ("Garlock") in the above captioned matters. Garlock appeals from the Honorable Judith K. Fitzgerald's Memorandum Opinion and Order issued on October 7, 2011 denying Garlock's motions to access records in twelve Chapter 11 bankruptcies. *See In re ACandS* ("*ACandS*"), 462 B.R. 88 (D. Del. 2011). The consolidated opinion and order resolved motions filed by Garlock in nine bankruptcy cases in the United States Bankruptcy Court for the District of Delaware and three bankruptcies in the United States Bankruptcy Court for the Western District of Pennsylvania. *Id.* This procedural nuance is possible because Judge Fitzgerald is assigned to hear bankruptcy cases in both Bankruptcy Courts. Garlock has filed twelve separate appeals of Judge Fitzgerald's rulings, including three appeals pending before this Court ("WDPA appeals") and nine appeals in the United States District Court for the District of Delaware ("DOD appeals"). Garlock admits that its appeals are identical in that they all challenge the same rulings by the Bankruptcy Court and raise the same arguments on appeal. *See DOD*, Civ. A. No. 11-1130, Docket No. 9.[1] Indeed, the substance of its briefing in the two fora appears virtually indistinguishable, aside from required changes to the case caption and parties in each case. Garlock's appeals focus on its desire to access Rule 2019 statements filed by creditor committees and law firms in the bankruptcy cases. Thus, the parties with an actual interest in the 12 appeals include Garlock, law firms and creditor committees, while the 12 debtors have more of a tangential interest in avoiding Garlock's attempts to intervene in their

---

[1] For convenience, the Court will cite to the Delaware dockets as *DOD*, Civ. A. No. __ and the Western District of Pennsylvania dockets as *WDPA*, Civ. A. No. __.

respective cases. For the reasons that follow, the Court will exercise its discretion and STAY these proceedings pending disposition of the DOD appeals.

## II.    BACKGROUND

On October 12, 2011, Garlock filed its notices of appeal of the aforementioned rulings of the Bankruptcy Court in all twelve bankruptcy cases. Its appeals were docketed on different dates. The WDPA appeals were docketed as follows: *In re: Pittsburgh Corning*, Civil Action No. 11-1406 on November 3, 2011; *In re: North American Refractories*, Civil Action No. 11-1452 on November 10, 2011; and *In re: Mid-Valley, Inc.*, Civil Action No. 11-1439 on November 10, 2011. All three appeals were assigned to the undersigned as related cases. It appears that the DOD appeals were all filed on November 16, 2011. *See DOD, In re: Owens Corning*, Civ. A. No. 11-1130; *In re: Armstrong World Industries, et al.*, Civ. A. No. 11-1131; *In re: W.R. Grace & Co.*, Civ. A. No. 11-1132; *In re: USG Corp. et al.*, Civ. A. No. 11-1133; *In re: United States Mineral Products Company*, Civ. A. No. 11-1134; *In re: Kaiser Aluminum Corp.*, Civ. A. No. 11-1135; *In re: ACandS Inc.*, Civ. A. No. 11-1136; *In re: Combustion Engineering Inc.*, Civ. A. No. 11-1137; *In re: Flintkote Company*, Civ. A. No. 11-1138.

Shortly after the WDPA appeals were filed, this Court entered identical briefing schedules in each of the three cases, and quickly entered an order extending the briefing schedule upon request of the parties in all of the cases. *See WDPA*, Civ. A. Nos. 11-1406, Docket Nos. 4, 8; 11-1439, Docket Nos. 3, 6; 11-1452, Docket Nos. 3, 6. Meanwhile, in Delaware, Garlock filed motions in the DOD appeals to consolidate the cases and expedite the appeals, including the entry of an identical briefing schedule to that issued by this Court. *See DOD*, Civ. A. No. 11-1130, Docket No. 9. In that motion, Garlock admits that:

> [t]he Opinions and Orders appealed from in Delaware and the
> W.D. Pa. are identical in all respects, and, thus, so are the issues to

3

> be presented on appeal. There is also substantial overlap of the parties in these Appeals and the W.D. Pa. Appeals. Therefore, Garlock believes that the parties will present substantially similar arguments to this Court and the W.D. Pa. District Court.

*Id.* Garlock succeeded in its request for consolidation of the DOD appeals as the DOD appeals were all assigned to the Honorable Leonard P. Stark and he then acceded to Garlock's request and entered the requested briefing schedule. *See DOD*, Civ. A. No. 11-1330, Docket No. 16.

The briefing with respect to the WDPA and DOD appeals concluded on January 27, 2012. *See WDPA*, Civ. A. Nos. 11-1406, 11-1439, 11-1459; *DOD*, Civ. A. No. 11-1130. The parties to the WDPA appeals have not taken any further action in these cases. *See WDPA*, Civ. A. Nos. 11-1406, 11-1439, 11-1459. However, despite the closing of the initial briefing, Garlock has continued to actively litigate the DOD appeals. *See DOD*, Civ. A. No. 11-1130. To this end, Garlock filed a motion requesting oral argument on February 1, 2012. *DOD*, Civ. A. No. 11-1130, Docket No. 42. Judge Stark convened a status conference on February 15, 2012 to consider this request and, during the conference, questioned counsel about the status of the WDPA appeals. *DOD*, Civ. A. No. 11-1130, Docket No. 49 at 7-9. In response, Garlock's counsel admitted that it had not sought oral argument in the WDPA appeals even though the cases followed identical scheduling orders. *Id.* at 9. After hearing the parties' respective positions, Judge Stark set the DOD appeals for oral argument. *DOD*, Civ. A. No. 11-1130, Docket Nos. 50, 51, 55.

Subsequent to this ruling, Garlock filed a motion in the DOD appeals requesting the Court to take judicial notice of certain matters which were outside the appellate record. *DOD*, Civ. A. No. 11-1130, Docket No. 52. That motion was fully briefed by the parties in the DOD appeals. *DOD*, Civ. A. No. 11-1130, Docket Nos. 52, 54, 57. Oral argument was then held on June 12, 2012 before the Bankruptcy Court on the DOD appeals and the motion for judicial

notice. *DOD*, Civ. A. No. 11-1130, *Text Minute Entry, 6/12/12*. As noted, the three WDPA appeals presently before this Court have remained stagnant during this period of active litigation in Delaware.

### III. LEGAL STANDARD

District courts have broad power to stay proceedings. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *See Bechtel*, 544 F.2d at 1215 (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Gunduz v. U.S. Citizenship and Immigration Servs*, Civ. No. 07-780, 2007 WL 4343246, at *1 (W.D. Pa. December 11, 2007) (Ambrose, C.J.) (citing *Landis* and *Bechtel*). Several courts have recognized that the power to stay may be invoked by the court *sua sponte*. *See e.g., Tatum v. Chrysler Group, LLC,* Civ. A. No. 10-4269, 2011 WL 6303290, at *3 (D.N.J. Dec. 16, 2011) ("the Court stays the action *sua sponte* for purposes of avoiding potentially duplicative litigation and discovery."); *First Nonprofit Ins. Co. v. Alexander*, Civ. A. No. 09-465, 2009 WL 2256473, at *4 (ED.Pa. Jul. 27, 2009) (citation omitted) ("the Court may order such a stay *sua sponte*"); *Jackson v. Van Kampen Series Fund, Inc.*, 2007 WL 1532090, at *2 (S.D.Ill. May 24, 2007) ("The Court *sua sponte* will stay these proceedings"). In deciding whether to stay litigation in favor of litigation in another federal court, "the general principle is to avoid duplicative litigation." *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). As such, "a district court may properly consider the 'conservation of judicial resources and comprehensive disposition of litigation,' and attempt to avoid duplicating a proceeding already pending in a federal district court." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir.

5

1980) (quoting *Kerotest Mfg Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), *quoted in Colorado River*, 424 U.S. at 817)). In determining whether a stay is appropriate, a court must weigh the competing interests of the parties to the litigation and address whether any party is prejudiced by the stay order. *See Landis*, 299 U.S. at 254-55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983).

IV.    **ANALYSIS**

The Court first finds that the WDPA and DOD appeals are duplicative, consistent with the aforementioned precedent. In its motions filed in the Bankruptcy Courts, Garlock challenged the procedure Judge Fitzgerald employs in administering large mass-tort bankruptcies whereby Rule 2019 Statements submitted by law firms and creditor committees are not filed on the Bankruptcy Courts' CM/ECF Systems but instead are held by the Clerks of Courts on a compact disc and available only upon approval of the Bankruptcy Court. *See In re ACandS*, 462 B.R. at 96-98. Garlock filed motions seeking access to the Rule 2019 Statements in each of the 12 bankruptcies now on appeal. *See id.* Judge Fitzgerald found that the issues raised by Garlock's motions were similar enough such that she held two joint motion hearings and analyzed the issues presented by all of the parties in a single, consolidated opinion. *Id.* After these rulings were appealed, Judge Stark consolidated the nine DOD appeals and, although a consolidation order was not issued as to the WDPA appeals, this Court intends to address the issues in a consolidated fashion as well. Beyond the view of the three separate Courts, Garlock admits that its appeals raise identical issues. *See DOD, Civ. A. No. 11-1130*, Docket No. 9. Garlock further admits that there is substantial overlap between the parties in the cases given that the 2019 Statements were filed not by the debtors but by law firms and creditor committees most of which were involved in both the Pennsylvania and Delaware bankruptcies. *Id.*

The Court also finds that the stay order will not prejudice any party to the WDPA appeals. Garlock is the only party involved in all of the cases, but, as is noted above, Garlock has more actively prosecuted the DOD appeals and those proceedings have advanced beyond the WDPA appeals. Garlock's precise reasons for prosecuting the DOD appeals more aggressively while permitting the WDPA appeals to languish are unstated but it can be reasonably inferred from its filings in the DOD appeals that it has a greater interest in those appeals because they involve Garlock's requests for information in nine very large corporate reorganizations. Indeed, Garlock has commented that "[t]he Delaware Defendants have almost all successfully reorganized, and have created and funded trusts with aggregate assets of almost $14 billion to pay their respective shares of liability to asbestos claimants (with another nearly $3 billion committed through the W.R. Grace plan of reorganization currently on appeal)." *DOD*, Civ. A. No. 11-1130, Docket No. 9 at 3. At first glance, a stay order may appear to have some negative impact on Garlock. However, the Court believes that Garlock's own action of favoring prosecution of the DOD appeals undermines any claim of actual prejudice. Moreover, as is discussed below, the primary parties who have objected to Garlock's motion for access in the Pennsylvania bankruptcies are all involved as appellees in the DOD appeals and have participated in that action. Thus, Garlock's only true interest in prosecuting the appeals in separate fora would be to possibly achieve a proverbial second bite at the apple while arguing its case to two different federal judges. But, "[n]o party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).

Of the three debtors in the WDPA appeals, only Pittsburgh Corning Corporation ("PCC") has filed an appellate brief, which is limited in scope. *See WDPA Civ. A. Nos. 11-1406, 11-1439,*

*1452*. To this end, PCC clarifies that it "will address only the issue of lack of standing to bring this appeal. PCC takes no position on the other issues raised by Garlock as they have no direct bearing on PCC or its bankruptcy case." *WDPA*, Civ. A. No. 11-1406, Docket No. 10 at 4. Given PCC's position, staying this case will not have any effect on PCC as Garlock will not be permitted to intervene in PCC's bankruptcy case during the stay.[2]

There is also substantial overlap between the remainder of the parties between the actions in the two Districts as all of the parties in the WDPA appeals appear to be represented and participating in the DOD appeals. The dual participants in the WDPA and DOD appeals include: (1) the "Law Firms", i.e., Peter G. Angelos, P.C.; Baron & Budd, P.C.; Brayton Purcell, LLP; Hissey Kientz, LLP; The Lipman Law Firm; Reaud, Morgan & Quinn, Inc.; Thornton & Naumes, LLP; Waters & Kraus, LLP; Weitz & Luxenberg P.C.; and Williams Kherkher Hart Boundas, LLP; (2) the Official Committees of Asbestos Claimants in the Pittsburgh Corning, Narco, W.R. Grace and Flintkote Bankruptcy Cases; (3) and, the "Certain Law Firm Objectors", i.e., the law firms of Kazan, McClain, Lyons, Greenwood & Harley, Waters & Kraus LLP; Simmons Browder Gianaris Angelides & Barnerd LLC; Bergman, Draper & Frockt, Gori Julian & Associates, P.C.; Early, Lucarelli, Sweeney & Strauss; Cooney & Conway; Lipsitz & Ponterio, LLC; Bifferato LLC; and Montgomery, McCracken, Walker & Rhoads, LLP. All three of these groups of litigants have filed briefs in the DOD appeals. *See DOD, Civ. A. No. 11-1130*, Docket Nos. 29, 31, 33. Thus, the arguments of all of the appellees who oppose Garlock's

---

[2] The Court notes that the U.S. Trustee filed a short brief with respect to the closed bankruptcy of *In re: Mid-Valley*. *See WDPA*, Civ. A. No. 11-1439, Docket No. 8. The U.S. Trustee states that it filed the brief "for one purpose only – to ensure that the statutory obligation of debtors in reopened bankruptcy cases to pay quarterly fees to the United States Trustee is enforced" and "asks this Court to affirm the Bankruptcy Court's order with respect to the Quarterly Fees." *Id.* at 5, 11. In this Court's estimation, the stay will have no effect on the Trustee's position because the Mid-Valley bankruptcy case will remain closed while the stay is pending.

access to the Rule 2019 Statements will be heard by Judge Stark in the context of the DOD appeals.

In all, Garlock's appeals of a single, consolidated ruling by Judge Fitzgerald to two separate District Courts which are being litigated, in large part, by the same parties represents a situation of truly duplicative litigation which the Supreme Court has counseled us to avoid. *See Colorado River*, 424 U.S. at 817 ("the general principle is to avoid duplicative litigation.").

The purpose of the stay order is not to overburden a fellow District Judge but, instead, to avoid duplication of efforts and conserve judicial resources. As recognized by the Court of Appeals, these are appropriate considerations and, as we find that no party will be prejudiced by a stay order, we are compelled to stay these appeals. *See Complaint of Bankers Trust Co.*, 636 F.2d at 40. This Court believes that a stay is even more appropriate given that the litigation of the DOD appeals has advanced beyond the stage of the WDPA appeals before this Court. Indeed, Judge Stark has the benefit of not only the parties' briefing, as does this Court, but also Garlock's motion to add additional matters to the appellate record and the parties' oral arguments which were presented on June 12, 2012. Given the complexity of these appeals, this Court would find it helpful to consider the arguments and positions taken by the parties during that proceeding before Judge Stark and, possibly, the additional matters that Garlock seeks to add to the record. It makes little sense for this Court to require the same parties to appear in this District to make the same arguments a second time.

For all of these reasons, the Court finds that a stay of this case is the appropriate course. A comment from our Court of Appeals some years ago rings even louder today, in this time of judicial austerity:

> In view of the constant increase in judicial business in the federal
> courts and the continual necessity of adding to the number of

9

judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issue and the same parties.

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941), *cert. denied*, 315 U.S. 813 (1942)); *see also White v. Williams*, 179 F.Supp.2d 405, 423 (D.N.J. 2002) (quoting same). These principles are likewise reflected in Rule 1 of the Federal Rules of Civil Procedure, which provides that cases should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED.R.CIV.P. 1.

The Court further notes that the need to avoid duplicative litigation should not be an issue left to the Court alone to address *sua sponte*. This Court believes that counsel in this case would better serve their clients by taking steps to avoid the type of duplicative litigation that is present here. To this end, the parties could have stipulated to a transfer of the WDPA appeals to Delaware or alternatively, reached a stipulation wherein the parties in the WDPA appeals would agree to be bound by Judge Stark's decision.[3] Indeed, after the stay is lifted, Judge Stark's decision will likely be very persuasive to this Court. Finally, from this Court's review of this litigation, it appears that any decision rendered at the District Court level, whether it be issued by Judge Stark or the undersigned, will be further appealed to the United States Court of Appeals for the Third Circuit. As such, there is simply no benefit to having two separate District Courts analyze this case simultaneously.

---

[3] To the extent that the parties find it necessary or helpful, the Court is willing to enter an order referring this matter to the Court's Alternative Dispute Resolution Program while the stay is in place for the purpose of negotiating such a stipulation. *See ADR Policies and Procedures* (effective February 1, 2012) *available at:* http://www.pawd.uscourts.gov/Applications/pawd_adr/Documents/ADRPolicies.pdf (last visited 6/20/12).

V.    CONCLUSION

For these reasons, the Court will enter appropriate orders staying these matters pending conclusion of the DOD appeals. Such appropriate Orders follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   June 21, 2012

cc/ecf: All counsel of record.