Document      Page 1 of 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Jointly Administered at |
| | ) | Case No. 03-35592 JKF |
| MID-VALLEY, INC., *et. al.*, | ) | |
| | ) | Chapter 11 |
| Reorganized Debtors. | ) | |
| | ) | Document No. 2669 |
| | ) | |

**ORDER OF COURT PERMITTING THE FILING OF CERTAIN
DOCUMENTS WITHOUT REOPENING THE REORGANIZATION CASES**[1]

**WHEREAS**, this Court entered an Order of Final Decree on November 21, 2005 at Docket No. 2514 ordering that the Reorganized Debtors' Reorganization Cases be closed; and

**WHEREAS**, pursuant to the terms of the Confirmation Order, the Asbestos PI Trust Documents and the Silica PI Trust Documents, certain additional informational and other filings are anticipated to be made including, but not limited to (i) annual reports to be filed by the Asbestos and Silica PI Trusts; and (ii) amended Plan Exhibits filed by the Reorganized Debtors (collectively, the "Additional Filings"); and

**WHEREAS**, at the hearing held on November 6, 2006, this Court indicated that the Additional Filings should not necessitate the reopening of these Reorganization Cases or any related payment of filing fees; it is hereby

**ORDERED**, that the Clerk of this Court is directed to accept the Additional Filings and the Additional Filings shall not require the reopening of these Reorganized Cases or

---

[1] Capitalized terms used herein without definition shall have the meaning ascribed to such terms in the Uniform Glossary of Defined Terms for Plan Documents filed of record on November 5, 2004 (Dkt. No. 2086).

PI-1671005 v2

the payment of any related filing fees; and it is further

**ORDERED**, each such Additional Filing shall include a copy of this Order, affixed to the front of the Additional Filing; and it is further

**ORDERED**, that counsel for the Reorganized Debtors shall immediately serve a copy of this Order on (i) each entity set forth in the Reorganized Debtors' current Official Service List; (ii) each entity set forth on the current Bankruptcy Rule 2002 Notice List; and (iii) any other parties-in-interest, and file a certificate of service with the Clerk of the Bankruptcy Court within ten (10) days hereof; and it is further

**ORDERED**, that the Clerk of the Bankruptcy Court is hereby directed to make a notation on the dockets that, the Reorganization Cases (Case Nos. 03-35592, 03-35593, 03-35595, 03-35596, 03-35597, 03-35599, 03-35600, and 03-35601) have been closed.

Dated: 11/16/2006
Dated: _____12:39:42_____, 2006

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

**wmk**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Jointly Administered at |
| | ) | Case No. 03-35592 |
| MID-VALLEY, INC., *et al.* | ) | |
| | ) | |
| Reorganized Debtors. | ) | Chapter 11 |

**ANNUAL REPORT OF THE**
**DII INDUSTRIES, LLC SILICA PI TRUST**
**FOR YEAR ENDING DECEMBER 31, 2022**

The DII Industries, LLC Silica PI Trust (the "**Silica PI Trust**"), through its Trustee, Anne M. Ferazzi ("**Silica PI Trustee**"), hereby submits its Annual Report for the Year Ending December 31, 2022 ("**Annual Report**") in compliance with the reporting requirements of the DII Industries, LLC Silica PI Trust Agreement ("**Silica PI Trust Agreement**") dated January 20, 2005 and as amended April 19, 2007.[1]

As set forth in Articles 2.2(c), 4.5(c), 5.6, and 6.5(b) of the Silica PI Trust Agreement, the Annual Report must provide (1) audited annual financial statements; (2) a claims summary; (3) the compensation and expenses of the Silica PI Trustee; (4) the compensation and expenses of the members of the Silica Trust Advisory Committee ("**Silica TAC**"); and (5) the compensation and expenses of the Legal Representative.

**I.    BACKGROUND**

1. Mid-Valley, Inc., DII Industries, LLC, Kellogg Brown & Root, Inc., KBR Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown & Root International, Inc., Kellogg Brown & Root International, Inc., and BPM Minerals, Inc. (collectively referred to herein as the "**Reorganized Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court on

---

[1] This Annual Report covers the actions taken by Silica PI Trust during calendar year 2022 (the "**Reporting Period**").

December 16, 2003. These cases have been jointly administered under Case Number 03-35592-JKF.

2.      On July 21, 2004, this Court entered an Amended Order, *Nunc Pro Tunc* to July 6, 2004, approving the Debtors' Plan of Reorganization; such order was subsequently affirmed by Order of the United States District Court for the Western District of Pennsylvania on December 1, 2004.

3.      The Plan of Reorganization (the "**Plan**") became effective on January 20, 2005 ("**Effective Date**").

4.      On the Effective Date, the Silica PI Trust was created.

5.      Martin J. Murphy was appointed, under the Plan and Confirmation Orders, as the sole Trustee of the Silica PI Trust. The Silica PI Trustee has been administering the business of the Silica PI Trust since its opening in July 2005. Trustee Murphy's term expired on January 20, 2020. As previously reported, effective as of January 21, 2020, pursuant to Section 4.3(a) of the Silica PI Trust Agreement, the Silica TAC and Legal Representative jointly appointed Anne M. Ferazzi to serve as Successor Trustee for an initial five (5) year term.

6.      Under the Plan, the Reorganized Debtors obtained the benefit of an injunction that channels all silica-related personal injury claims against the Reorganized Debtors, and certain related entities, to the Silica PI Trust for processing and payment.

7.      The DII Industries, LLC Silica PI Trust Distribution Procedures ("**Silica TDP**") sets forth the procedures by which the Silica PI Trust will pay certain claims for silica-related personal injuries arising out of claims against the Reorganized Debtors.

8.      The Silica TDP was adopted pursuant to the Silica PI Trust Agreement and is designed to "provide fair, equitable and substantially similar treatment for all Silica Unsecured

PI Trust Claims that may presently exist or may arise in the future." The Third Amended and Restated Silica TDP was adopted on March 3, 2023 and is available on the Trust's website at www.diisilicatrust.com.

## II. NOTICE

9. Pursuant to Article 2.2(c) of the Silica PI Trust Agreement, at the time the Annual Report is filed with this Court, a copy shall be provided to the following parties: Office of the United States Trustee for the Western District of Pennsylvania, Pittsburgh Division; the Silica TAC; the Legal Representative; the Reorganized Debtors; and Halliburton.

10. The Silica PI Trust reports that it is in compliance with Article 2.2(c)'s notice requirements, as evidenced by the certificate of service attached hereto.

## III. REPORTING REQUIREMENTS

### A. Financial Statements

11. Article 2.2(c)(i) of the Silica PI Trust Agreement requires that the Silica PI Trustee provide financial statements to this Court:

> (i) The Trustee shall cause to be prepared and filed under seal with the Bankruptcy Court, as soon as available, and in any event within 120 days following the end of the fiscal year, an annual report containing financial statements of the Silica PI Trust (including, without limitation, a balance sheet of the Silica PI Trust as of the end of such fiscal year and a statement of operations for such fiscal year) audited by a firm of independent certified public accountants selected by the Trustee and accompanied by an opinion of such firm as to the fairness of the financial statements' presentation of the cash and investments available for the payment of claims and as to the conformity of the financial statements with generally accepted accounting principles.

12. In accordance with the requirements of Article 2.2(c)(i) of the Silica PI Trust Agreement, the Silica PI Trustee has caused the financial statements of the Silica PI Trust to be audited by a firm of Independent Certified Public Accountants, BDO USA, LLP. They have

expressed an opinion that the Silica PI Trust's financial statements present fairly, in all material respects, the financial position of the Silica PI Trust and the results of its operations and its cash flows as of December 31, 2022. The auditors' opinion expressly provides that it is intended for use by this Court. They include Statements of Assets, Liabilities and Net Assets Available for the Payment of Claims; Statements of Changes in Net Assets Available for the Payment of Claims; Statements of Cash Flows; and Schedule of Operating Expenses. In previous years, the audited financial statements were filed under seal as required by the Silica PI Trust Agreement. As previously reported, on May 6, 2021, following a hearing on the Trustee's Amended Expedited Motion to File Under Seal the Financial Statements in Support of the Annual Report of the DII Industries, LLC Silica Trust, Judge Thomas Agresti ordered that the Trust's audited financial statements hereafter be publicly filed on the docket with the Annual Report, notwithstanding the provision in the Trust Agreement to the contrary. The audited financial statements are attached as <u>Exhibit A</u>.

13.    In compliance with Article 2.2(c)(iii) of the Silica PI Trust Agreement, the materials required to be filed according to Article 2.2(c)(i) will be made available for inspection by the public if this Court so orders and in accordance with procedures, if any, established by this Court.

  B.    **Claims Report**

14.    Article 2.2(c)(ii) of the Silica PI Trust Agreement further requires that the Silica PI Trustee provide this Court with a report summarizing the claims disposed of by the Silica PI Trust during the Reporting Period:

> (ii)    Simultaneously with delivery of each set of financial statements referred to in Article 2.2(c)(i) above, the Trustee shall cause to be prepared and filed with the Bankruptcy Court a report containing a summary regarding the number and type of claims disposed of during the period covered by the financial statements.

15. A summary of claims filed during the Reporting Period with the Silica PI Trust is attached as Exhibit B.

C. **Compensation of the Silica PI Trustee, Silica TAC, and Legal Representative**

16. Article 4.5 of the Silica PI Trust Agreement requires that the Silica PI Trustee report annually the total amount of compensation and expenses paid to the Silica PI Trustee:

> (c) The Trust will include a description of the amounts paid under this Article 4.5 in the reports to be filed with the Bankruptcy Court and provided to the Silica TAC, the Legal Representative, the Reorganized Debtors, and Halliburton pursuant to Article 2.2(c)(i) of this Silica PI Trust Agreement.

17. Pursuant to Article 4.5(a) of the Silica PI Trust Agreement, the Silica PI Trustee received a retainer of $88,336 in 2022, plus hourly compensation of $6,144 in connection with Silica PI Trust business. The Silica PI Trustee is not compensated at her hourly rate, however, for all time spent preparing for, traveling to, and attending meetings with the Silica TAC and the Legal Representative. The Silica PI Trust, in accordance with Article 4.5(b), also reimburses the Silica PI Trustee for all reasonable out-of-pocket costs and expenses incurred by the Silica PI Trustee in connection with the performance of his or her duties. During this Reporting Period, the total amount of compensation paid to the Silica PI Trustee was $89,480.

18. Article 5.6 of the Silica PI Trust Agreement also requires that the Silica PI Trust report annually the total amount of compensation and expenses paid to the Silica TAC:

> The Silica PI Trust shall include a description of the amounts paid under this article 5.6 in the accounts to be filed with the Bankruptcy Court and provided to the Trustee, the Legal Representative, the Reorganized Debtors, and Halliburton pursuant to article 2.2(c)(i) of this Silica PI Trust Agreement.

19. Pursuant to Article 5.6 of the Silica PI Trust Agreement, each member of the Silica TAC receives hourly compensation for time spent in connection with the performance of

their duties. The Silica PI Trust also reimburses the members of the Silica TAC for all reasonable out-of-pocket costs and expenses incurred in connection with the performance of their duties. During the Reporting Period, the Silica PI Trust paid $0.00 in compensation to Silica TAC members.

20. Last, Article 6.5 of the Silica PI Trust Agreement requires that the Silica PI Trustee report annually the total amount of compensation and expenses paid to the Legal Representative, including any reimbursements for, or direct payment to, a Legal Representative Professional:

> (b) The Silica PI Trust shall include a description of the amounts paid under this section in the reports to be filed with the Bankruptcy Court and provided to the Silica TAC, the Legal Representative, the Reorganized Debtors, and Halliburton pursuant to Article 2.2(c)(i) above.

21. Pursuant to Article 6.5(a) of the Silica PI Trust Agreement, the Legal Representative receives hourly compensation for time spent in connection with the Legal Representative's duties. The Silica PI Trust paid the Legal Representative $1,575 in compensation during the Reporting Period.

## IV. ADDITIONAL INFORMATION

22. During the Reporting Period, the Silica PI Trustee continued to oversee and administer the processing of claims, the Silica PI Trust's investments, and the Silica PI Trust's general operations. The Silica PI Trust's total operating expenses for the Reporting Period were $386,509.

23. The Silica PI Trustee met on four occasions during the Reporting Period with members of the Silica TAC and the Legal Representative. Meetings were held telephonically on February 15, 2022, May 25, 2022, September 21, 2022, and November 16, 2022. In addition to

the scheduled meetings, the Silica PI Trustee regularly consulted with and sought the input of the Silica TAC and the Legal Representative regarding the administration of the Silica PI Trust.

24. For additional information regarding the Silica PI Trust's operations, please contact its General Counsel: Keating, Muething & Klekamp PLL, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202, attention Philip A. Tracy. For information on claims filing and processing, please visit the Trust's website at www.diisilicatrust.com.

## V. CONCLUSION

25. Through this Annual Report and attached exhibit the Silica PI Trust reports that it is in compliance with the reporting requirements of the Silica PI Trust Agreement.

Dated: April 27, 2023

Respectfully submitted,

    /s/ John J. Gisleson
Kevin E. Irwin (Ohio Bar # 0021811)
Philip A. Tracy (Ohio Bar # 0091389)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 639-6400
Fax: (513) 579-6457

John L. Gisleson
Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA 15219-6401
Tel: (412) 560-7435
Fax: (412) 560-7001
jgiselson@morganlewis.com

*Attorneys for the*
*DII Industries, LLC Silica PI Trust*

# **CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of April, 2023, a true and correct copy of the foregoing was served via electronic mail and/or First Class U.S. Mail to all parties listed in the following service list:

| | |
|---|---|
| Eric D. Green<br>Resolutions, LLC<br>125 High Street, Suite 2205<br>Boston, MA 02110<br>Tel: (617) 556-0800<br>Fax: (617) 556-9900<br>ericdgreen@resolutionsllc.com<br>*Legal Representative* | Bryan O. Blevins, Jr.<br>Provost Umphrey Law Firm L.L.P.<br>490 Park Street<br>Beaumont, TX 77704<br>Tel: (409) 838-8858<br>Fax: (409) 838-8888<br>bblevins@provostumphrey.com<br>*Silica TAC* |
| James L. Patton, Jr.<br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Tel: (302) 571-6684<br>Fax: (302) 576-3325<br>jpatton@ycst.com<br>*Counsel to Legal Representative* | Joseph F. Rice<br>Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel: (843) 216-9000<br>Fax: (843) 216-9450<br>jrice@motleyrice.com<br>*Silica TAC* |
| Joseph Sisca, Esquire<br>Office of the U.S. Trustee<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA 15222<br>Tel: (412) 644-4756<br>Fax: (412) 644-4785<br>Joseph.s.sisca@usdoj.gov | Michael G. Zanic<br>K&L Gates LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222-2613<br>Tel: (412) 355-6219<br>Fax: (412) 355-6501<br>michael.zanic@klgates.com<br>*Counsel to Reorganized Debtors/Halliburton* |

        /s/ John K. Gisleson
        Morgan Lewis Attorney

12519648.1